

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed September 07, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re:

CEDAR SPRINGS BUILDING                                  Chapter 11
MANAGEMENT LTD,                                         Case No.: 09--36705-SGJ-11

Debtor

### AGREED ORDER CONFIRMING PLAN

The **Second Amended Plan of Reorganization** under chapter 11 of the Bankruptcy Code filed **as a modification to the First Amended Plan and dated June 28, 2010** and **as further modified by the terms of this Agreed Order Confirming Plan (the "Order")**, and a copy of said plan and of the Disclosure Statement(s) approved by the court having been transmitted to the holders of claims and interests; and

It having been determined after notice and a hearing:

**1.** That the plan complies with the applicable provisions of chapter 11 of the Code;

**2.** That the proponent of the plan complies with the applicable provisions of the Code;

**3.** That the plan has been proposed in good faith and not by any means forbidden by law;

**4. A**. That any payment made or promised by the proponent, by the debtor, or by any person issuing securities or acquiring property under the plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the plan and incident to the case, have been disclosed to the court; and

**B.** Any such payment made before confirmation is reasonable; or if such payment is to be fixed after confirmation of the plan, such payment is subject to the approval of the court as reasonable;

---

**5. A.** The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy;

**B.** The proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider;

**6.** With respect to each class each holder of a claim or interest of such class has accepted the plan;

**7.** With respect to each class, such class has accepted the plan, or such class is not impaired under the plan;

**8.** The holder of a particular claim has agreed to the plan **subject to the terms of this Order** and **in the event of a conflict between the terms of the plan and the provisions of this Order, this Order shall control.**

**A.** Notwithstanding any other provision in this order, in the plan, or in any plan amendment or modification or this order Dallas County, the holder of an Allowed Administrative Expense Claim for year 2010 ad valorem property taxes, shall receive payment in full of its administrative expense claim prior to the state law delinquency date. Dallas County shall retain its statutory liens for post-petition taxes with the same state law validity, extent and priority until all taxes plus any penalties, interest and fees that may accrue have been paid in full. Dallas County shall not be required to file an administrative expense claim or request for payment pursuant to 11 U.S.C. Section 503(b)(1)(D). In the event of default, Dallas County shall notify the Debtor/Reorganized Debtor by sending notice via facsimile or electronic transmission to counsel for the Debtor. The Debtor/Reorganized Debtor shall have 15 days from the date of receipt of the notice to cure the default. The amount required to cure such default shall include all taxes owed plus all accrued penalties, interest and fees pursuant to Texas law. If the Debtor/Reorganized Debtor fails to cure the default within the time prescribed by this paragraph, Dallas County shall be entitled to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. Dallas County's administrative expense claim is not discharged.

**B.** With respect to a claim of a kind specified in section 507(a)(2) of the Code, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

**C.** The secured claim of Class 1, Melissa Properties, Inc., is allowed in full in the amount of $457,903.81 as of June 1, 2010 with interest at the rate of $217.28 per day until paid. Payment shall be as provided in the plan. **Upon payment and acquisition of this claim, it shall be subordinated to the claim of Class 2. Any liens and security interests encumbering the Property with respect to Classes 1 and 3 shall be, after payment in full of Class 1 or**

**transfer of Class 1 to the New Class 1 Owner (defined below) and after confirmation as to Class 3, subordinate and inferior to the liens and security interests encumbering the Property in favor of Class 2, Victor Enterprises, Inc. ("Victor") The acquirer of the Class 1 claim (the "New Class 1 Owner") shall execute a subordination agreement within thirty (30) days after the date of the entry of this Order in form and content reasonably acceptable to Victor (including in a form which makes it recordable), which shall stipulate and confirm that any and all liens the liens and/or security interests held by the New Class 1 Owner with respect to the Property are subordinate and inferior to the liens and security interests held by Victor with respect to the Property.** In the event that the Class 1 Claim is not paid off or transferred to the New Class 1 Claim owner within fifteen (15) days after the effective date of the Plan, the automatic stay shall lift for the benefit of all secured creditors without further order of this court.

**D.** The secured claim of Class 2, Victor Enterprises, Inc., ("Victor") is allowed in full in the amount of $884,000 ("the Indebtedness"), which Indebtedness shall be secured by a first and prior lien on the Property. If the Indebtedness remains at $884,000, then the interest per diem shall be $435.94. By way of example, the monthly payment to Victor on September 15, 2010 shall be $13,078.20 (30 days [from September 15, 2010 through October 14, 2010] x $435.94) and the October 15, 2010 payment shall be $13,514.14 [31 days x $435.94]) and so on for 36 months until the Initial Maturity Date. The summary of this claim is attached to this Order as Exhibit 2 and is incorporated herein. The definitions in the summary are applicable to this Order. The summary of this claim is true and correct and shall not be subject to dispute by the Obligors. Treatment of Class 2 shall be as follows:

   a. Notwithstanding any provision in the Victor Loan Documents to the contrary, the allowed claim shall bear simple interest at the rate of eighteen percent (18%) per annum until paid. Debtor shall pay interest only for a period of thirty-six (36) consecutive months commencing on September 15, 2010. The Initial Maturity Date shall be on September 15, 2013 at which time all of the unpaid Indebtedness and any other obligations owed on the Initial Maturity Date which have accrued or become due and payable after the entry of this Order (which obligations, if any, shall be included in the defined term "Indebtedness") shall be fully due and payable. The Indebtedness may be pre-paid in whole or in part at any time prior to maturity without penalty.

   b. The Initial Maturity Date may be extended at the option of the Debtor under the Victor Loan Documents, upon written notice from Debtor to Victor not less than ninety (90) days prior to the Initial Maturity Date for an additional twenty-four (24) months and upon payment of at least $100,000 of principal reduction on or before the Initial Maturity Date. Timely Notice and timely payment are conditions precedent to Debtor's right to extend maturity of the Indebtedness an additional twenty-four (24) months after the Initial Maturity Date.

   c. **Without Victor waiving or releasing any liens, security interests or other similar rights encumbering or related to the Property, the following provisions shall apply:** Debtor and Obligors agree that any Indebtedness of the Debtor to Victor now existing or hereafter created shall be prior to any claim that any of the Obligors may now have or

hereafter acquire against Debtor, whether the Debtor is insolvent or becomes insolvent. Obligors hereby expressly subordinate any claim any of the Obligors may have against Debtor, upon any account whatsoever, to any claim Victor may now or hereafter have against Debtor, including, but not limited to, the Indebtedness. In the event of insolvency and consequent liquidation of assets of Debtor, through bankruptcy, assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Debtor applicable to the payment of the claims of both Victor and Obligors, if any, shall be paid to Victor and shall be first applied by Victor to the Indebtedness of Debtor to Victor. Obligors hereby assign to Victor all claims which they may have or acquire in the future against Debtor or against any assignee or trustee in bankruptcy of Debtor; provided, however, that such assignment shall be effective only for the purpose of assuring Victor full payment of the Indebtedness.

d.  The tax escrow currently held by Robert Yaquinto, Jr., counsel for the Debtor, shall be transferred upon the effective date of the plan to William L. Wolf, P.C. for deposit in its trust account. The funds shall be not accrue interest and shall be held for the purpose of paying real property ad valorem taxes on or related to the Property while any obligation under the Victor Loan Documents, including, but not limited to the Indebtedness, remains outstanding and unpaid. In addition to the interest payments set out above, Debtor shall make monthly payments equal to one twelfth (1/12) of the prior year's real property ad valorem tax amount. If the amount paid is insufficient to pay all of the real property ad valorem taxes for any calendar year, then on or before January 10 of the following year, Debtor shall deliver to William L. Wolf, P.C. in trust, the additional amount necessary to pay in full the real property ad valorem taxes for the preceding year. William L. Wolf, P.C. shall make the real property ad valorem tax payments owed on the Property on or before January 31 of the year following the year for which the taxes are due. If the Indebtedness is paid in full, then any real property ad valorem tax funds held in trust by William L. Wolf, P.C. shall be turned over at the direction of the Debtor.

e.  The Note shall be subject to a Modification Agreement reflecting it revised terms and maturity date as outlined above and shall be executed by Debtor within thirty (30) days of the date of the entry of this confirmation order. The Modification Agreement ("the New Modification") may be filed of record in the Official Public Records of Dallas County. The New Modification shall also extend the liens and security interests created or evidenced by the Deed of Trust.

f.  Debtor shall maintain casualty insurance on the Property in an amount equal to at least $1,400,000, but in any event in accordance with all of the terms and provisions of the Victor Loan Documents.

g.  All known and unknown claims (whether asserted or not) by the Obligors (or any of them) against Victor, and vice versa, shall be deemed released and novated into the Second Amended Plan and this Order. The foregoing sentence shall not constitute a release of the terms of the Second Amended Plan, Order, and the Victor Loan Documents.

    h. The state court case filed by Victor against Francis B. Majorie and Majorie and Associates, P.C. to enforce their respective guaranties of the Victor Loan Documents and which is pending in Collin County shall be dismissed without prejudice within fifteen (15) days of the effective date of the plan.

**E.** The secured claim of Class 3, Small Business Administration ("SBA"), shall be allowed in the amount of $438,499.12. Payment shall be as provided in the plan. **Class 3 shall retain its security interest in its current position as a third lien subordinate to the claim of Class 2 and to the Class 1 claim rights acquired by Majorie or his designee.**

**9. A.** The temporary injunction provisions of the Second Amended Plan with respect to Victor shall be deleted and be modified as follows: In the event of default, Victor shall provide Obligors with written notice of any default and ten (10) days opportunity to cure such default. Victor shall be required to provide to Obligors such written notice (at the address on the Order listed below the signature line of each of the Obligors) and opportunity to cure only two (2) times within any calendar year. If after written notice of default and opportunity to cure, the default is not timely cured, Victor shall have the right to immediately pursue any and all remedies provided in the Victor Loan Documents or under applicable law. Upon the occasion of a third default within any calendar year, Victor shall have the right to immediately pursue any and all remedies provided in the Victor Loan Documents or under applicable law without further notice.

**B.** The temporary injunction provisions of the Second Amended Plan with respect to SBA be modified as follows: In the event of default, SBA shall provide Obligors with written notice of any default and ten (10) days opportunity to cure such default. SBA shall be required to provide to Obligors such written notice and opportunity to cure only two (2) times within any calendar year. If after written notice of default and opportunity to cure, the default is not timely cured, SBA shall have the right to immediately pursue any and all remedies provided its loan documents or under applicable law. Upon the occasion of a third default, SBA shall have the right to immediately pursue any and all remedies provided in its loan documents or under applicable law without further notice.

**10.** The Seconded Amended Plan as modified by this Order is a consensual plan and all of the claimants have agreed to the terms of the Second Amended Plan as modified by this Order.

**11.** Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan.

**IT IS ORDERED** that the Second Amended Plan filed by Cedar Springs Building Management, Ltd dated June 28, 2010, a copy of which plan is attached hereto, as modified by this Order is confirmed.

###### END OF ORDER ######

AGREED AND APPROVED AS TO FORM AND SUBSTANCE

CEDAR SPRINGS BUILDING MANAGEMENT, LTD

/s/Francis B. Majorie \_
LOMC, Inc., Its General Partner
By: Francis B. Majorie
President of LOMC, Inc.
3514 Cedar Springs Road
Dallas, Texas 75219

LOMC, INC.

/s/ Francis B. Majorie---
By: Francis B. Majorie
President of LOMC, Inc.
3514 Cedar Springs Road
Dallas, Texas 75219

MAJORIE AND ASSOCIATES, P. C.

/s/ Francis B. Majorie---
By: Francis B. Majorie
President
3514 Cedar Springs Road
Dallas, Texas 75219

s/ Francis B. Majorie---
Individually
3514 Cedar Springs Road
Dallas, Texas 75219